IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CODY RAY KING,            ) | |
|                           ) | |
|     Petitioner,           ) | Case No. CV 08-0033-S-CWD |
|                           ) | |
| v.                        ) | |
|                           ) | **MEMORANDUM DECISION** |
| FOURTH JUDICIAL DISTRICT, et al., ) | **AND ORDER** |
|                           ) | |
|     Respondents.          ) | |
| _____ ) | |

## INTRODUCTION

Currently pending in this habeas corpus matter are Respondents' Motion for Summary Dismissal (Docket No. 12) and Petitioner's Motion to Suspend Detainer and Grant Personal Recognizance Bond (Docket No. 14). The parties have consented to a United States Magistrate Judge entering all orders, including final judgment, in accordance with 28 U.S.C. § 636(c). (Docket No. 16.) The Court finds that the decisional process would not be aided by oral argument, and it shall resolve this matter on the written record after consideration of the parties' submissions. D. Idaho L. Civ. R. 7.4(d).

Because the Court finds that Petitioner has not complied with the one-year statute of limitations for bringing a federal habeas action, it will grant Respondents' Motion and dismiss this case.

## BACKGROUND

On December 2, 2000, Petitioner walked into Idaho Sewing and Vacuum in Boise,

**MEMORANDUM DECISION AND ORDER - 1**

grabbed a vacuum cleaner, and ran out without paying. Eight days later, he was arrested after he attempted to shoplift a watch and a telephone from a local Walmart store. When police officers searched him, they discovered methamphetamine, marijuana, drug paraphernalia, a concealed knife, and various burglary tools. (State's Lodging A-1, pp. 1-3.) The State thereafter charged him with seven criminal counts related to the Walmart incident in Ada County Case No. H0100534 (hereafter "Case No. 534"). (State's Lodging A-1, pp. 23-24.) In a separate case, H0100547 ("Case No. 547"), the State charged Petitioner with burglary and grand theft for his actions at Idaho Sewing and Vacuum. (State's Lodging A-2, pp. 1-2.)

After his arrest, Petitioner was released to the custody of the Wyoming Department of Corrections to serve time for probation violations in that state, and the Ada County Prosecuting Attorney lodged a detainer with Wyoming officials.[1] At Petitioner's request, he was extradited back to Idaho in April 2001 to face the charges in Case Nos. 534 and 547. (State's Lodging A-2, pp. 12-15.)

Soon after his return, Petitioner and the State reached a global plea agreement that would dispose of all of the charges. (State's Lodging A-1, pp. 27-32.) In exchange for Petitioner's guilty plea to one count of possession of a controlled substance with intent to deliver in Case No. 534 (the Walmart case), the State agreed to drop the other counts in that case and to dismiss all of the charges in Case No. 547. The State also agreed to recommend

---

[1] A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719 (1985).

**MEMORANDUM DECISION AND ORDER - 2**

a sentence of two to seven years, with a period of retained jurisdiction and the possibility of probation. (State's Lodging A-1, pp. 27-32, 34-40, 83.) On June 22, 2001, Petitioner entered his guilty plea to the single charge, and all other charges and counts were dismissed. (State's Lodging A-1, pp. 27-28; State's Lodging A-2, p. 41.)

During the presentence investigation, however, it became apparent that Petitioner had misrepresented the number of prior felony convictions that he had, and the State indicated that it intended to back out of its agreement to recommend a two to seven-year sentence. (State's Lodging A-1, pp. 34-40.) Petitioner then informed the trial court that he wished to withdraw his guilty plea, and the court set the matter for a hearing. (State's Lodging A-1, pp. 34-35.) For reasons that are not clear, Petitioner was transported back to Wyoming before the hearing could take place. (State's Lodging A-1, p. 41.) When he failed to appear in Idaho, the trial court issued a bench warrant for his arrest "to create a hold on him once he is released from Wyoming." (State's Lodging A-1, pp. 41-42.) As a result, the criminal proceedings in Idaho were effectively suspended in August 2001.

Petitioner filed several *pro se* motions to dismiss while he was incarcerated in Wyoming, arguing that Idaho had deprived him of his rights to the speedy disposition of the charges under the Interstate Agreement on Detainers Act (18 U.S.C. app II, §2) ("IADA"), the Sixth Amendment of the United States Constitution, and provisions of the Idaho Constitution. (State's Lodging A-1, pp. 43-44.) His primary complaint appeared to be that Idaho had lost its right to resolve the charges against him under Articles III(d) and IV(e) of the IADA, and under constitutional provisions, because he was not given a speedy trial prior

**MEMORANDUM DECISION AND ORDER - 3**

to his return to Wyoming.

On March 15, 2002, the trial court held a hearing where Petitioner appeared through counsel. The court issued a written decision denying the IADA and Sixth Amendment speedy trial claims, concluding that he "gave up" his right to a trial–speedy or otherwise–when he entered a guilty plea to the possession charge in Case No. 534, and, moreover, that good cause existed for any additional delay in fully resolving the case.[2] (State's Lodging A-1, pp. 85-87.) The court noted that Petitioner could renew his motion, if necessary, after his counsel had an opportunity to meet within him personally. (State's Lodging A-1, p. 88.) Petitioner's attempt to appeal from the trial court's decision was eventually dismissed by the Idaho Supreme Court as an impermissible appeal from a non-appealable order or judgment. (State's Lodgings B-3, B-5, B-6.)

Over the next several months, while still in Wyoming, Petitioner continued to file various motions and pleadings in the Idaho state courts and in the Wyoming state and federal courts, claiming violations of his rights under the IADA and the United States Constitution. None of these actions were successful. (State's Lodgings C-1, C-2, D-1, D-4, D-5, E1.) During this same time frame, Petitioner also filed a Petition for Writ of Habeas Corpus in this Court, which was ultimately dismissed by United States Magistrate Judge Mikel H. Williams because state court matters were still pending and it appeared that Petitioner had not yet

---

[2] The court later supplemented its decision by indicating the that the detainer that Idaho had lodged against Petitioner pertained only to Case No. 547 and not to Case No. 534. (State's Lodging A-1, p. 89.)

**MEMORANDUM DECISION AND ORDER - 4**

exhausted his claims properly in the Idaho Supreme Court. (Case No. CV 02-223-S-MHW, Docket No. 12.)

By September of 2002, Petitioner was back in the Ada County Jail, and the proceedings in Case No. 534 recommenced. Petitioner did not follow-up on his previous request to withdraw his guilty plea, and the trial court scheduled a sentencing hearing on the single remaining charge of possession of a controlled substance with the intent to deliver. (State's Lodging A-1, p. 253.) On January 7, 2003, the court entered its judgment, sentencing Petitioner to seven years in prison, with the first two years fixed. (State's Lodging A-1, p. 261.) The court then suspended all but 60 days of the prison sentence and ordered Petitioner to be released on probation for seven years. (State's Lodging A-1, pp. 261-65.) He did not appeal.

In July 2004, the trial court issued a bench warrant for Petitioner's arrest based on several alleged probation violations, one of which was a new criminal charge in Utah. (State's Lodging A-1, pp. 274-77.) Nearly five years after judgment had been entered, on January 17, 2008, Petitioner initiated the present habeas corpus action, resurrecting his original claims that Idaho officials had violated his rights under the IADA in 2001.[3] United States District Judge Edward J. Lodge conducted an initial review of the Petition and ordered Respondent to submit a response. (Docket No. 3.) The parties consented to a United States

---

[3] Petitioner actually filed a Petition for Writ of Habeas Corpus in September 2007, but that case was dismissed without prejudice after the Court determined that Petitioner had simply re-submitted old pleadings from his first habeas action without providing any updated or explanatory information. (Docket No. 07-387-S-BLW, Docket No. 6.) He had not even given his correct address.

**MEMORANDUM DECISION AND ORDER - 5**

Magistrate Judge exercising jurisdiction, and the matter was re-assigned to the undersigned judge. (Docket No. 16.)

Respondents have since filed a Motion for Summary Dismissal, arguing that the Petition is untimely and that Petitioner's claims have not been properly exhausted in the Idaho Supreme Court and are now procedurally barred. Petitioner has submitted a Motion to Suspend Detainer and Grant Personal Recognizance Bond, which the Court has construed as a motion to grant judgment in his favor.

Because the Court is convinced by Respondents' argument that the Petition was filed beyond the expiration of the statute of limitations, it will be dismissed on that basis. The Court will not reach Respondents' alternative ground for summary dismissal, and Petitioner's Motion to Suspend Detainer and Grant Personal Recognizance Bond shall be denied.

## STANDARD OF LAW

A federal court may grant habeas relief to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Interstate Agreement on Detainers Act "is a congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal construction." *Carchman v. Nash*, 473 U.S. 716, 719 (1985). Specifically, the compact is an agreement among 48 states, which include Idaho, Wyoming, and Utah, to "encourage the expeditious and orderly disposition of [criminal] charges [outstanding against a prisoner] and determination of the proper status of any and all detainers based on untried indictments,

informations, or complaints." 18 U.S.C. app. II, § 2, art. I.  Generally, a state prisoner can seek habeas relief in federal court under 28 U.S.C. § 2254 for violations of his rights under the IADA.  *Snyder v. Summer*, 960 F.2d 1448, 1452 (9th Cir. 1992).

Because Petitioner is in custody "pursuant to the judgment of a State court," his Petition is subject to the one-year statute of limitations contained in the 1996 Anti-terrorism and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2244(d).  The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D).  The most common event is the date upon which the judgment became final in state court, either after the direct appeal has concluded or after the time for seeking an appeal expired.  28 U.S.C. § 2244(d)(1)(A).  Additional statutory subsections provide for a later starting date when any of the following situations are present: (1) the state has created an impediment to filing a federal petition; (2) the United States Supreme Court has determined that a new constitutional right shall be retroactive; or (3) the petitioner has discovered new evidence that could not have been obtained previously through the exercise of reasonable diligence.  28 U.S.C. § 2244(d)(1)(B),(C),(D).

The one-year period will be tolled (suspended) for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  This is known as "statutory tolling."  The period may also be tolled for fairness reasons when an obstacle prevented the petitioner from filing on time ("equitable tolling").  *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005).  A litigant seeking equitable tolling bears

**MEMORANDUM DECISION AND ORDER - 7**

the burden of establishing that (1) he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).

## DISCUSSION

In the present case, Petitioner claims yet again that his rights under the IADA were violated by the actions and inactions of state officials when he was shuttled between Wyoming and Idaho in 2001. (Docket No. 1, pp. 1-3.)  He does not point to irregularities in the processing of any new detainer arising from the trial court's 2004 bench warrant, other than to assert that it is based on an originally defective criminal proceeding.  Therefore, the alleged violations of federal law occurred in the original prosecution that led to the state court's judgment, and the one-year statute of limitations began in this case when that judgment became final.  28 U.S.C. § 2244(d)(1)(A).

Under state law, Petitioner had 42 days from the entry of judgment in which to file a notice of appeal. *See* Idaho Appellate Rule 14.  He did not do so, and the judgment became final for purposes of § 2244(d)(1)(A) on February 18, 2003.  The federal limitations period started to run the next day, and it elapsed 365 days later, on February 18, 2004.  Petitioner is not entitled to statutory tolling of this period because nothing was pending in state court between February 2003 and February 2004.[4]  And Petitioner's previous federal habeas

---

[4] Respondents' Brief in Support of Motion for Summary Dismissal contains a discussion on statutory tolling, but Respondents incorrectly calculated the date of judgment as January 7, *2002*, rather than January 7, *2003*, and thereafter erred in concluding that the numerous motions and pleadings that Petitioner submitted in 2002 were filed after the judgment rather than *before*.

**MEMORANDUM DECISION AND ORDER - 8**

matters, which were active for no more than a few months after February 2003, do not qualify for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181 (2001).

Petitioner nonetheless suggests that the limitations period should be *equitably* tolled because he was not notified until 2007 that the Idaho Supreme Court had denied an original habeas corpus action that he had filed in that court in 2002. (Docket No. 15, pp. 2-3.) He also argues that he never intended to stop pursuing his IADA claims through the state courts, although the record does not support this assertion. To the contrary, Petitioner's torrent of motions, pleadings, and objections based on his rights under the IADA came to an abrupt end once he received essentially the same sentence that the State had originally agreed to recommend under the plea agreement. Indeed, from all appearances, Petitioner pursued his rights vigorously until he was released on probation, after which his interest in these matters declined precipitously, only to be rekindled years later when he was re-incarcerated on new charges.

A litigant seeking to invoke equity must show that he was diligently pursuing his rights for the entire time that he seeks to toll, *see Pace,* 544 U.S. at 418, and Petitioner has not shown that he exercised reasonable diligence. There is no indication that he checked on the status of his case in the Idaho Supreme Court for five years; had he done so, he would have learned that nothing had been pending since 2002. In addition, the Idaho Supreme Court sent notices and orders to Petitioner's last known address, and to the extent that he did not update his address with the court, this also shows a lack of concern. (State's Lodgings E-4, E-6.) In short, the length of the delay without any activity on Petitioner's part is simply

**MEMORANDUM DECISION AND ORDER - 9**

too long to establish reasonable diligence.

Accordingly, the Court concludes that the statute of limitations expired in this case in February 2004, and the January 2008 Petition is nearly four years out of time. Respondents' Motion for Summary Dismissal will be granted on that basis, and Petitioner's Motion to Suspend Detainer and Grant Personal Recognizance Bond will be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondents' Motion for Summary Dismissal (Docket No. 12) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion to Suspend Detainer and Grant Personal Recognizance Bond (Docket No. 14) is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion to Proceed In Forma Pauperis (Docket No. 4) is DENIED as MOOT.



DATED:  August 14, 2008

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 10**